PER CURIAM:
Claimant Robert B. Morrison alleges that the sum of $2,989.50, plus interest, is owing to him with reference to his employment by the respondent, the Department of Motor Vehicles. On November 1, 1980, then Commissioner Joseph Condry had advised him of a salary increase of $43.00 per month. The salary increase was processed and reflected in the payroll and in a check issued for the November 1 to November 15, 1980 pay period. However, the salary increase had been, in the meantime, disapproved. The check was not given to the claimant but was redeposited. A supplementary payroll was prepared for the period, and a payroll check given to the claimant for a salary which did not include the salary increase. Nor did his subsequent salary checks include any increase until salary increases of July 1, 1981 and July 1, 1984. His employment by respondent was terminated, by his resignation, effective October 16, 1984.
Claimant contends that the salary increase in question was not properly taken away from him; that he is entitled to the additional $43.00 per month for the months of his continued employment from November 1, 1980, plus interest.
*88 The evidence disclosed that on or about November 12, 1980, Virginia L. Roberts replaced Joseph Condry as Commissioner of the Department of Motor Vehicles. She testified that, upon assuming office, she had found on her desk an envelope containing forms which indicated a disapproval, by the Department of Finance and Administration, of personnel actions pertaining to three employees, one being the salary increase of the claimant; that she then caused the supplementary payroll to be prepared; that she was not the person who disapproved the salary increase of the claimant.
Lowell D. Basford, acting director of the West Virginia Civil Service System, testified that in November of 1980 the claimant was an exempt employee, not covered under the civil service regulations, simply serving at the will and pleasure of the Commissioner since claimant's rehiring and reclassification in 1977.
It appears to the Court that the issue, as to the manner in which the claimant was denied the salary increase, is moot. At the conclusion of claimant's evidence, the respondent moved the Court to dismiss the action upon several grounds, one of which was to the effect that a two-year statute of limitations barred the action. Claimant's Notice of Claim was filed May 22, 1985, about four and a half years after November 16, 1980, the date when the wrong, if in fact there was a wrong, was committed. The two-year statute of limitations, stated in West Virginia Code 55-2-12, is applicable. (Shillingburg v. Railroad Maintenance Authority, CC-85-104, Order entered November 15, 1985) This Court is prohibited from taking jurisdiction of any claim barred by such a limitation (W.Va. Code 14-2-21). Accordingly, respondent's motion to dismiss is sustained.
This claim is dismissed.